# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CURTIS MCHENRY, ID # 011606, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0823-D-BH |
| ) | |
| LESLIE COTTEN, Sheriff, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed for failure to follow orders and/or want of prosecution.

## I. BACKGROUND

Plaintiff filed this action against the defendant on April 18, 2011. After granting him leave to proceed *in forma pauperis*, the Court sent him a questionnaire ("MJQ") on April 21, 2011, to obtain more information about his claims. The questionnaire specifically advised Plaintiff that his answers to the questions were due within thirty days, and that a failure to file his answers could result in the dismissal of his case for failure to prosecute. *Id.* More than thirty days from the date of the questionnaire have passed, but Plaintiff has not filed his answers or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to comply with the April 21, 2011 order that he submit his answers to the questionnaire within thirty

days despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, it should be dismissed under Rule 41(b) for failure to follow orders and/or prosecute.

### III. RECOMMENDATION

This case should be dismissed without prejudice for failure to follow court orders and/or want of prosecution pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files his answers to the Court's questionnaire within the time for objecting to this recommendation.

**SIGNED this 31st day of May, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE